**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**NATHANIEL GRISSOM** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 5:26-CV-157-JHM**

**INDIAN HILLS EELEMENTRY, *et al.*** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Nathaniel Grissom filed this *pro se* employment discrimination action. Because Plaintiff is proceeding *in forma pauperis*, the Court must review this action pursuant to 28 U.S.C. § 1915(e)(2).

Initially, the Court must address two motions filed by Plaintiff: a motion for monetary judgment [DN 5] and a motion to add exhibits to the complaint [DN 10]. The Court construes Plaintiff's motion for monetary judgment [DN 5] as a motion to seek damages as relief in his complaint. The Court also construes the exhibits attached to the motion to add exhibits [DN 10-1] as a supplement to the complaint. **IT IS ORDERED** that the motions [DN 5, DN 10] are **GRANTED**. The Clerk of Court is **DIRECTED** to attach DN 10-1 as an attachment to the complaint.

**I.**

Plaintiff sues Defendants Indian Hills Eelementry (hereinafter "Elementary") and Christian County Board of Education. Plaintiff alleges that he was terminated from his employment because of his disability in violation of the Americans with Disabilities Act ("ADA") and in retaliation for filing a discrimination complaint with the Christian County Board of Education personnel office.

Plaintiff represents that he worked as a custodian at the Indian Hills Elementary School from September 9, 2024, to March 21, 2025. He alleges that: "On March 17, 2025, I filed a complaint of different treatment with the Board of Education personnel office. I was assigned heavier work loads. No other employee[s] were treated in this manner. The different treatment was ongoing throughout my employment." [DN 1 at 6]. Plaintiff further alleges that on March 21, 2025, the superintendent terminated his employment contract. Plaintiff asserts that this action was taken in retaliation for filing the complaint with the personnel board. He argues that he was "treated differently, retaliated against and terminated because of my disability, perceived disability or record of my disability." [*Id.*]. Plaintiff attaches his right-to-sue letter from the United States Equal Employment Opportunity Commission ("EEOC"). [DN 10-1].

As relief, Plaintiff seeks damages. [DN 5].

**II.**

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore

exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## III.

### A. Indian Hills Elementary School

Plaintiff sues the Indian Hills Elementary School. The elementary school is not a proper Defendant. Instead, "[t]he Kentucky Supreme Court has . . . held the proper defendant for an action against a Kentucky public school is the governing Board of Education." *Qiu v. Scott Cnty. Sch.*, No. 5:21-CV-00197-GFVT, 2022 WL 1462758, at *2 (E.D. Ky. May 9, 2022) (citing *Nelson Cnty. Bd. of Educ. v. Forte*, 337 S.W.3d 617, 625 (Ky. 2011) (overruled on other grounds)); *see*

*also Suttles v. Raceland-Worthington Indep. Schs.*, No. CV 25-53-DLB-EBA, 2025 WL 2052981, at *3 (E.D. Ky. July 22, 2025); *Gilbert v. Frankfort Indep. Sch. Dist.*, No. 3:23-CV-00064-GFVT, 2024 WL 3939528, at *3 (E.D. Ky. Aug. 26, 2024); *M.P.T.C. v. Nelson Cnty. Sch. Dist.*, 192 F. Supp. 3d 798, 810 (W.D. Ky. 2016). Kentucky Revised Statute § 160.160 provides, in pertinent part, that "[e]ach school district shall be under the management and control of a board of education" which "may sue and be sued[.]" Ky. Rev. Stat. § 160.160(1). Because the Christian County Board of Education is the proper party, the Court will dismiss the Indian Hills Elementary School as a Defendant in this action.

**B. ADA and Retaliation Claims**

Upon review of the complaint, the Court will allow the ADA and retaliation claims to proceed against Defendant Christian County Board of Education. In allowing these claims to proceed, the Court expresses no opinion on their ultimate merit.

**IV.**

For the foregoing reasons, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the claims against Defendant Indian Hills Elementary are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. The Clerk of Court is **DIRECTED** to terminate Defendant Indian Hills Elementary from this action.

The Court will enter a separate Order directing service on Defendant Christian County Board of Education.

Date: October 20, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.014